· 110 So.2d 337

Jerry Lee JACKS

v.

STATE.

7 Div. 497.

Court of Appeals of Alabama.

May 27, 1958.

Rehearing Granted March 24, 1959.

Love & Hines, Talladega, for appellant.

John Patterson, Atty. Gen., and Jas. W. Webb, Asst. Atty. Gen., for the State.

PRICE, Judge.

This appellant has been adjudged guilty of manslaughter in the first degree under an indictment charging murder in the first degree.

The evidence presented by the State tends to show that the appellant and a companion went into the ladies room at the V. F. W. Club in Childersburg. The deceased, Mr. Foshee, was manager of the club. He went into the ladies room and informed appellant and his companion they were in the ladies room. The appellant replied: "Ain't no son of a bitch going to do anything about it." Foshee struck the appellant, and a fight between Foshee and appellant ensued. The companion fled and was not involved in the fight.

Appellant broke loose from the fight and also fled the building, joining some companions in a car outside. The car was driven off, but got stuck in the mud.

Foshee meanwhile ran outside, calling for help. He ran to the car and began to attack the defendant.

According to Sheriff Robinson, the appellant, on the ride to the Sheriff's office from the V. F. W. Club stated he had stabbed Foshee during their fight in the V. F. W. Club building.

According to a later written statement, and appellant's testimony at the trial, he did not stab Foshee until the second encounter at the car, and only then as Foshee was attacking him with a bottle.

Foshee died from the effects of the stab wound in his abdomen.

While this record is voluminous, the court's ruling was invoked only a few times. We have examined each such ruling and are clear to the conclusion that in each instance the ruling was patently correct, was based on elemental rules of evidence, and that no discussion is indicated.

However, among the appellant's requested charges which were refused is the following:

"I charge you, Gentlemen of the Jury, that the legal presumption of innocence is to be regarded by the Jury, in every case, as a matter of evidence, to the benefit of which the accused is entitled, and, as a matter of evidence it attends the accused until his guilt is, by the evidence, placed beyond a reasonable doubt."

In this connection, the court, in its oral charge, instructed the jury as follows concerning the appellant's presumption of innocence:

"The burden of proof of guilt is on the State of Alabama in this case. A defendant is always presumed to be innocent, and the fact that one has been arrested and indicted and brought before the bar of justice does not

create any presumption against him at all, but he comes into Court clothed with a presumption of innocence and that presumption remains with him throughout the trial and until it is overcome by evidence which proves his guilt to each one beyond a reasonable doubt and to a moral certainty, and the burden is on the State of Alabama to show the guilt of the defendant of one of the offenses charged in the indictment beyond a reasonable doubt and to a moral certainty before you would be authorized to convict him."

This identical charge, along with the court's oral instruction substantially to the same effect was considered by this court in Gordon v. State, post, p. 214, 110 So.2d 329.

The cases involving charges identical with Refused Charge 17, supra, were reviewed in extenso, and a majority of this court concluded that its refusal necessitated a reversal of the case.

The Gordon case, supra, is now on certiorari in the Supreme Court.

We can find no material distinction between the Gordon case, supra, and the present case, and again adopt the views expressed in the Gordon case. We see no need to again set forth those views in view of the detailed discussion to be found in the Gordon case, supra.

Reversed and remanded.

HARWOOD, Presiding Judge (dissenting).

If the views of my associates in the Gordon case, supra, be correct, then this case must be reversed because of the refusal of Requested Charge 17.

However, it was the opinion of the writer that the refusal of the charge in the Gordon case was error without injury in view of the court's oral instructions as to the presumption of innocence attending the accused. The writer adheres to that view.

On Rehearing

PRICE, Judge.

We have held this case until the decision by the Supreme Court on certiorari in the case of Gordon v. State, supra, which involved the refusal of an identical charge. In the Gordon case the Supreme Court has held the refusal of the charge is not reversible error when fairly and substantially covered by the court's oral charge. 110 So. 2d 334. The court's oral instruction here was substantially the same as in the Gordon case. In view of the Supreme Court's ruling in the Gordon case, by which we are bound, the judgment of the trial court is affirmed.

Application for rehearing granted.

Affirmed.